[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12302
Non-Argument Calendar

_____

D. C. Docket No. 03-01233-CV-T-N

JOHN E. TONEY,

Plaintiff-Appellant,

versus

MONTGOMERY JOBS CORPS,
DYNAMIC EDUCATIONAL SYSTEMS, INC.,
MARY L. WATTS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(October 24, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

John E. Toney, a <u>pro se</u> plaintiff, appeals the district court's order granting the defendants' motion for summary judgment on his sex discrimination claim. Toney, a black male, was formerly a shift coordinator for Dynamic Educational Systems, Inc. at the Montgomery Job Corps. Toney sued his former employers along with his former supervisor, Mary L. Watts, alleging that they subjected him to disparate treatment, denied him the opportunity for advancement, and terminated him, all on the basis of his sex in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1). Because Toney's arguments on appeal speak only of discriminatory termination, and because Toney does not contest the district court's dismissal of his claims against Watts, all that remains for our consideration is whether the district court properly granted summary judgment in favor of Dynamic and the Job Corps on Toney's claim that they illegally fired him on the basis of his sex. <u>See</u> <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that when a party "elaborates no arguments on the merits as to [an] issue in its initial or reply brief . . . the issue is deemed waived.")

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Because Toney

bears the burden of proof on his discrimination claim, Rule 56 requires him to make a showing sufficient to establish the existence of each element essential to his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). We review de novo the district court's grant of summary judgment, viewing the evidence in the light most favorable to Toney. Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554, 556–57 (11th Cir. 1997).

A plaintiff in a Title VII discrimination case can avoid summary judgment in one of two ways. He must either (a) present direct evidence of discrimination or (b) present circumstantial evidence sufficient to shift the burden of producing contrary evidence to the defendant under the analytical framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–804, 93 S. Ct. 1817, 1824–25 (1973). Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1081 (11th Cir. 2005). Because Toney has done neither, the district court correctly granted the defendants' summary judgment motion.

## I.

On appeal, Toney says that he has presented direct evidence that his firing was discriminatory. It is undisputed, Toney says (and we will agree given our duty to view the evidence in the light most favorable to the non-moving party), that Watts made the decision to terminate him and that, on several occasions, she made

3

statements to him and others revealing a generally sexist attitude.[1]  But Toney's

exhortation that we consider the "totality of the circumstances" in his case ignores

the meaning of the term "direct evidence."  Direct evidence is "evidence, that, if

believed, proves [the] existence of [a] fact without inference or presumption." Id.

(internal citation omitted).  Accordingly, to survive summary judgment using this

route, Toney must present evidence that proves, without inference, that the

defendants discharged him "because of [his] . . . sex."  42 U.S.C. § 2000e-2(a)(1)

(emphasis added).  Watts' statements merely suggest that Watts may have fired

Toney because of his sex; they do not directly prove that Watts fired him for that

reason.

## II.

We now consider whether Toney has presented enough circumstantial

evidence supporting his discrimination claim to survive summary judgment under

the McDonnell Douglas burden-shifting analysis.  Under this analysis, if a plaintiff

can establish a prima facie case of discrimination, the burden shifts to the employer

to articulate a legitimate, non-discriminatory reason for the employment decision.

---

[1]Toney testified in his deposition that Watts told him that "she was a strong independent black woman in a position of authority and [Toney] couldn't handle it."  Watts allegedly made this statement about a month and a half before Toney's firing while giving Toney a performance improvement plan.  Similarly, Toney's co-employee James M. Gooden averred in an affidavit that Watts at one point told another male manager that "she didn't need a male to do anything for her and that women rule."  Also, Gooden claims, Watts told him that "she was not going to allow anyone to run over her because she was a strong independent black woman."

4

If the employer meets this burden, then the burden shifts back to the plaintiff to show that the legitimate reasons offered by the defendant were pretext for discrimination. McDonnell Douglas, 411 U.S. at 802–04, 93 S. Ct. at 1824–25.

A plaintiff may establish a prima facie case of employment discrimination by identifying an individual outside his protected class who replaced him, Morris, 402 F.3d at 1082, or showing that his employer treated a similarly situated employee outside his class more favorably.[2] Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Toney has conceded that his replacement was male, so he must identify a female employee with whom he is similarly situated who received more favorable treatment. On this point, our cases make clear that, "[i]n determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Id. at 1562. Indeed, this conduct must be "nearly identical to prevent courts from second-guessing employers' reasonable decisions." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).

---

[2] To establish a prima facie case of discrimination, a plaintiff must show (1) that he was a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees, who were not members of the protected class, more favorably. Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 842–43 (11th Cir. 2000). We assume, for the sake of this discussion, that Toney has met the first three of these four elements.

Undisputed facts illustrate that Toney is not similarly situated to the two co-employees he has identified as receiving favorable treatment, female shift coordinators Elizanne Hayes and Daphne Wilson. Toney points to evidence of several instances where he and Wilson (and sometimes Hayes) engaged in similar practices that violated workplace policy, but where Watts only reprimanded Toney.[3] For the sake of this discussion, we will assume this is true. But there is a problem with Toney's argument: It ignores at least three other incidents of misconduct that he was "involved in or accused of," but that Hayes and Wilson undisputedly were not. These incidents include: (1) Toney taking a piece of candy from a Job Corps student and eating it in a taunting manner; (2) Toney engaging a subordinate in a verbal dispute in front of Job Corps students; and (3) Toney requiring a subordinate to conduct orientation without proper training. In his deposition, Toney acknowledges that he was accused of these three violations and reveals that he cannot identify similar accusations against Hayes and Wilson. The undisputed facts thus reveal that the "quantity and quality" of Toney's alleged conduct was not "nearly identical" to the alleged conduct of Hayes and Wilson. See id.

---

[3]These instances include times where Toney and either Hayes or Wilson (1) allowed just one staff member to cover more than one "quad" in the Job Corps student dormitory in violation of policy and (2) personally transported a student off of the Job Corps campus instead of assigning a subordinate to do so as required by policy.

Because Toney is not "similarly situated" to the female employees he claims received favorable treatment, he cannot establish a prima facie case of sex discrimination, and that means summary judgment for the defendants is proper under McDonnell Douglas.

**AFFIRMED.**